Opinion of the court by
Mr. Chief Justice ShaRkbv.
This action is founded on an administrator’s bond given by de fendant Phipps, as administrator of the goods and chattels of Adam Bower, deceased, the other defendants being his sureties. In the original declaration, five breaches were assigned, and the defendants demurred.. The plaintiff confessed the demurrer and obtained leave to amend,. which she did by adding a sixth breach, and the defendants again demurred, which was sustained by the court, and it is now assigned for error that the court erred in sustaining the demurrer.
Our remarks will be confined to the amended breach alone, for although counsel have gone into an investigation of the whole case, wo cannot think that the original declaration is now proper *68 ly before us, further than it is necessarily made a part of the amendment; the plaintiff confessed that it was bad, and. we are not disposed to gainsay the confession.
It seems from the amended breach, that Bower, in his life time, was the administrator of the goods and Chattels of one Arthur-Mahon, and proceeded regularly with the. administration by paying debts, &c. until his death. ■ He died without having made a final settlement and distribution. The plaintiff, who was entitled to a distributive share of Mahon’s estate, cited the administrators of Bower to make a final settlement of Bower’s administration before the probate cqurt, and to distribute the residue of Mahon’s estate. They accordingly appeared, and the court .made a decree against'them to distribute,' from which an appeal was taken, and the judgment affirmed, .and they - were finally decreed to pay to the plaintiff, as distributee, the sum of @4,778. The breach concludes by averring sufficient assets for that purpose and charges a devastavit. This is the substance .of the breach, and the question is, is it sufficient fio justify a recovery in this action against these defendants ?
It must be borne in mind that some of these defendants are mere sureties in the bond given by Phipps as the administrator of Bower. The extent of their liability must be determined from the nature of their undertaking. What was the nature of their contract ? It was that Phipps should truly, administer the goods and chattels of Bower ; that he should make and exhibit an inventory of the effects; that he should account, when required, and finally make distribution of the surplus, after paying the debts, to those entitled to it.. Their undertaking was, that he should lawfully administer Bower’s estate;. not that he should administer an estate which Bower might have held as trustee. Then, before they can be liable, some mal-administration of the .estate of Bower must be shewn. Creditors of a, deceased person have a lien on his property for their debts, ánd since the passage of the statute for that purpose, a devastavit may be averred and proved against the administrator and his sureties in the first instance. The nonpayment of a debt; therefore, when sufficient effects had been received, would be an act of mal-administration, for which an action might be sustained against the administrator and his sureties, but *69 it must be such a debt as he was hound to pay out of the estate. Was the claim of the plaintiff one of that description ? The breach does not shew it in that light. The plaintiff claims, as distributee of Mahon, on whose estate Bower, in. his life time, was administrator. Bower’s individual property was not liable to Mahon’s distributees, until he had committed an act of devastavit and a judgment thereon against him. The breach does not aver any such proceeding as this, or any proceeding from which such a conclusion can be even drawn. It avers that Phipps, on a settlement, was decreed to pay to the distributee, $4,778. The conclusion is, that this was to be paid out of the estate of Mahon.
In the preceding part of the breach it is averred that Bower died without paying over the residue to the distributees. The inference is then that there was a residue, and that out of that residue Phipps was ordered to pay. This presumption is rebutted alone by the fact, that as administrator of Bower he could not have rightfully had possession of the property of Mahon, and yet if it had been converted into money, he might have had such possession. The ambiguity of the breach shows its defects. Such, however, must have been the decree mentioned in the breach, for the probate court had no power to decree a payment out of Bower’s estate. Mrs. Mahon was a distributee of Ma-hon’s estate; the probate court could only decree that she receive her share out of Mahon’s estate. If that estate had been squandered, it was an act of mal-administration which made Bower and his sureties personably liable, but such liability could be fixed only by a suit on their bond. If that had been done, then Bower’s estate would have been chargeable, and this action could be sustained. But as it is, the plaintiff seeks to recover out of Bower’s estate, a debt for which it is not yet legally liable. It may be made liable it is true, but this has not been done. So far therefore from these defendants being bound, the administrator would not even be authorized to pay her out of Bower’s estate, and of course there has been no mal-administration to make his sureties liable. A devastavit is suggested, it is true, but it is a devastavit of Bower’s estate, and surely a devastavit of Bower’s estate cannot entitle the plaintiff to recover of these defendants individually, her distributive share of Mahon’s es *70 tate, which has not been wasted, or at least of which we have no evidence.
To make the matter plain, suppose Bower were still living, how would the plaintiff make him individually liable for her distributive- share? would an action for money had and received lie ? It would not. The receipt of assets and the wasting of them, constitute conditions precedent to the individual liability of an administrator. If he were living then, and refused to pay or distribute according to the decree of the probate court, the plaintiffs’ remedy would be on his bond for a breach of the condition. Of course his estate cannot be made liable except in the same manner. The object is to make his individual estate liable for the distributive share. His death does not change the mode of doing so, for it can only be done in one way, and that mode is the same whether he be dead or living. These were conditions precedent to the individual liability of Bower, and so with regard to his estate; these conditions have not been performed, and there was consequently no legal liability on the administrator to pay out of his estate, and as the defendants only undertook that Bower’s estate should be legally administered, their bond is of course unbroken.
The breach was defective, and the judgment of the court below must be affirmed.